## UNITED STATES of America, Plaintiff–Appellee,

v.

## Delyne BENALLY, aka Dean Paul Benally, Delyn Paul Benally, Albert Crank, Defendant–Appellant.

### No. 06–10049.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2006.[*]

Filed Oct. 25, 2006.

Dyanne C. Greer, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gregory A. Bartolomei, Esq., FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Delyne Benally appeals his conviction on one count of assault on an Indian child in violation of 18 U.S.C. §§ 1153 and 113(a)(6). He argues that the district court abused its discretion in denying his request for a new trial. We disagree, and affirm.

Benally contends that the district court erred by analyzing his motion for a new trial under doctrine addressing a mistaken voir dire answer, *see McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), and actual or implied bias, *see Tinsley,* 895

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

F.2d at 526–28, instead of treating his claim as one involving possession of alleged "extraneous information" under *United States v. Rosenthal,* 445 F.3d 1239 (9th Cir.2006). However, this was not the basis upon which he proceeded before the district court. Accordingly, our review is for plain error, and we see none. The district court found credible Juror 25's testimony that she did not recall the possible background check until after the trial was over. We are not firmly convinced this finding is incorrect. *Cf. Tinsley v. Borg,* 895 F.2d 520, 525 (9th Cir.1990) (deferring to trial judge's findings). Thus, the "extraneous information" doctrine is inapplicable.

Benally also maintains that the court shifted the burden to him and imposed an overly burdensome standard of proof by stating that the determining factor was whether it was "highly unlikely" that Juror 25 could exercise independent judgment. We disagree, as implied or presumed bias—which was the basis asserted for a new trial that the district court addressed [1] —in fact turns on whether the relationship between a juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances. *Tinsley,* 895 F.2d at 527.

Finally, Benally suggests that we should question the plausibility of Juror 25's claims. However, the court held an evidentiary hearing at which Benally had the opportunity to suggest questions to be posed to the juror and to present any argument that he wished. The judge credited Juror 25's explanation. To question plausibility is just another way of questioning credibility, and nothing in the record suggests that Juror 25's testimony was inaccurate, dishonest, or unworthy of belief. In this respect this case is quite unlike *Dyer v. Calderon,* 151 F.3d 970 (9th

Cir.1998) (en banc), upon which Benally relies, where the juror repeatedly, and obviously, was untruthful.

AFFIRMED.

Judge REINHARDT concurs in the result.

---

1. Benally concedes that the juror did not appear dishonest in any way.